[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION FACTS
This action arises out of a home inspection that the defendants conducted for the plaintiffs on a residence that the plaintiffs later purchased. According to the plaintiff's complaint, in August, 2000, the plaintiffs, Charles Minally, Margaret Minally and Gina Minally hired defendant, Arrow Home Inspections (Arrow), a home inspection company to conduct a general home inspection of a residence in Brookfield Connecticut. The plaintiffs sought Arrow's inspection services prior to purchasing the residence. On August 26, 2000, the other defendant, Bob Tutoni, as an agent of Arrow, conducted an inspection of the premises. Tutoni issued a written report dated August 26, 2000.
The plaintiffs contend that both defendants were negligent in identifying or failing to identify a number of problems with the residence, and with giving an opinion on septic system installation and repair that they knew or should have known they were not qualified to give. The plaintiffs filed a two count complaint against Arrow and Tutoni alleging professional negligence by both defendants in count one and CUTPA violations against both defendants in count two. The August 26, 2000 inspection and the defendant's subsequent recommendations from that inspection form the basis of this suit. On May 28, 2002, Arrow moved to strike count two of the plaintiffs' complaint, which sounds in CUTPA. The plaintiffs filed a memorandum in opposition.
 DISCUSSION
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaints . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998); see also Practice Book § 10-39. "In ruling on a motion to strike, the court is limited to the facts alleged in the CT Page 14724 complaint. The court must construe the facts in the complaint most favorably to the plaintiff. . . . If facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Internal quotation marks omitted.) Faulkner v. United TechnologiesCorp., 240 Conn. 576, 580, 693 A.2d 293 (1997). "[The court] assume[s] the truth of both the specific factual allegations and any facts fairly provable thereunder. In doing so, moreover, [it] read[s] the allegations broadly, rather than narrowly." Macomber v. Travelers Property Casualty Corp., 261 Conn. 620, 629, ___ A.2d ___ (2002).
Arrow moves to strike count two of the plaintiffs' complaint on the ground that the plaintiffs fail to allege sufficient facts to support a claim under CUTPA. Arrow's argument in support of its motion to strike is twofold: First, Arrow contends that a single instance of negligence is insufficient to warrant a CUTPA action; second, Arrow argues that the plaintiffs fail to allege sufficient facts to support a CUTPA claim.
In responding to Arrow's first argument that a single instance of negligence is insufficient to warrant an action under CUTPA, the plaintiffs contend that while there is a split of authority at the trial court level, most decisions have held that a single wrongful act or transaction is sufficient to support a CUTPA claim. A discussion of the split of authority at the trial court level is not necessary, however, because our Appellate Court recently held that a single act of misconduct may be sufficient to support a CUTPA claim. Johnson Electric Co. v. SalceContracting Associates, Inc., 72 Conn. App. 342, 353, ___ A.2d ___ (2002). In Johnson Electric, the court noted that this issue was one of first impression. Id., 349. The court emphasized that where there is doubt as to conduct that the statute makes actionable, a court should set aside such doubts to permit recovery by the plaintiff because of the remedial purpose of the statute. Id., 353. Applying the law of Johnson Electric, count two of the plaintiffs' complaint cannot be stricken on the sole basis that a single act of alleged unfair practice is insufficient to warrant an action under CUTPA.
As to Arrow's second contention, that the plaintiffs' complaint fails to allege sufficient facts to sustain an action under CUTPA, the statute provides in relevant part: "No person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." General Statutes § 42-110b (a). "[I]n determining whether a practice violates CUTPA [our Supreme Court has] adopted the criteria set out in the cigarette rule by the federal trade commission for determining when a practice is unfair: (1) [W]hether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common CT Page 14725 law, or otherwise — in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers, [competitors or other business persons]. . . . All three criteria do not need to be satisfied to support a finding of [a violation of CUTPA]." (Internal quotation marks omitted.) Macomber v. Travelers Property Casualty Corp., supra, 261 Conn. 644. "A practice may be unfair because of the degree to which it meets one of the criteria or because to a lesser extent it meets all three." (Internal quotation marks omitted.)Journal Publishing Co. v. Hartford Courant Co., 261 Conn. 673, 695-96,___ A.2d ___ (2002).
For purposes of this motion to strike, the court is limited to the facts alleged in the complaint. Faulkner v. United Technologies Corp., supra, 240 Conn. 580. The plaintiffs' CUTPA claim is in count two of the complaint. In this count they incorporate by reference the allegation of count one. In count one the plaintiffs charge Arrow with various acts of negligence including: (1) negligently identifying water seepage; (2) failing to identify a large crack in the foundation of the home; (3) failing to identify rotted support beams; (4) failing to identify rotted substructure of the outdoor deck; (5) failing to identify electrical wiring problems; and (6) failing to identify a serious septic problem. In addition, in count two, the plaintiffs allege that neither Arrow nor Tutoni were licensed by the state of Connecticut department of public health as septic system installers at the time of the inspection, and that the defendants knew or should have known they were not qualified to give opinions on septic system installation or repair.
Under the first CUTPA criteria, the relevant standard for establishing unfairness is that the conduct, if proven, is "within at least the penumbra of some . . . established concept of unfairness." (Internal quotation marks omitted.) Macomber v. Travelers Property CasualtyCorp., supra, 261 Conn. 644. "In A-G Foods, Inc. [v. Pepperidge Farm,Inc., 216 Conn. 200, 217, 579 A.2d 69 (1990)], we held that "the first prong [of the "cigarette rule"], standing alone, is insufficient to support a CUTPA violation, at least when the underlying claim is grounded solely in negligence.'" Haynes v. Yale-New Haven Hospital, 243 Conn. 17,33, 699 A.2d 964 (1997). The plaintiffs have not alleged, nor have they introduced any common law or statutory authority indicating that Arrow's failure to obtain a license is per se unfair. The plaintiffs do allege, however, that in addition to the various acts of negligence, Arrow charged them $625 to render a professional opinion that it knew or should have known it was not qualified to do. This type of commercial transaction is at least within the penumbra of unfairness in business CT Page 14726 practices and representations intended to be protected under CUTPA. Moreover, a party who renders an unqualified professional opinion, particularly regarding something as substantial as a septic system, violates a common sense principle of fairness to consumers at large who regularly rely on these types of inspections. The plaintiffs have alleged the requisite facts under the first prong of the cigarette rule.
Under the second criteria, the inquiry is whether the plaintiffs allege conduct by Arrow that is "immoral, unethical, oppressive, or unscrupulous." (Internal quotation marks omitted.) Macomber v. TravelersProperty Casualty Corp., supra, 261 Conn. 644. In count two, the plaintiffs charge the defendants with knowingly rendering a professional opinion, which they knew or should have known they were not qualified to render. If true, this allegation, although not immoral, oppressive or unscrupulous, suggests unethical conduct. "CUTPA does not utilize the term `unethical.' As noted above, it is the "cigarette rule' which uses the term. Where a statute does not provide a definition, "commonly approved usage' is to be applied. General Statutes § 1-1 (a); Statev. Hodge, 248 Conn. 207, 263, cert. denied, [528] U.S. [862],120 S.Ct. 409, 145 L.Ed.2d 319 (1999). To ascertain such meaning, "it is appropriate to look to the dictionary definition of the term.' In reDarlene C., 247 Conn. 1, 12 n. 29, [755 A.2d 180] (1998). Webster's Third New International Dictionary (Webster's) has been cited by the Supreme Court as a source for such definitions. Id., 247 Conn. 12. Black's Law Dictionary also has been cited with approval. See State v. Pare,253 Conn. 611, 628, [755] A.2d [180] (2000). Webster's defines "unethical' as "not conforming to approved standards of behavior, a socially accepted code, or professionally endorsed principles and practices.' `Unethical' is also defined as "not in conformity with moral norms or standards of professional conduct.' Black's Law Dictionary. Pocket Edition, 1996." Walk v. Lupia Renovating Co., Inc., Superior Court, judicial district of New Britain at New Britain, Docket No. 504205 (April 18, 2001, Shapiro, J.).
Here, the plaintiffs allege that although Arrow was not licensed as a septic system installer, it charged the plaintiffs to perform a professional service that it knew or should have known it was not qualified to perform, and that through Tutoni, it negligently identified and negligently failed to identify numerous structural, electrical and septic problems. Taken together, the plaintiffs have pleaded conduct by Arrow that does not conform to a socially accepted code of good faith and honesty in business dealings or with moral norms or standards of professional conduct. In other words, the plaintiffs have set forth sufficient facts that would constitute "unethical" conduct under the second part of the cigarette rule. CT Page 14727
Under the third CUTPA criteria, the plaintiffs are required to allege conduct by Arrow that caused "substantial injury to consumers. . . ." (Internal quotation marks omitted.) Macomber v. Travelers Property Casualty Corp., supra, 261 Conn. 644. Substantial injury is determined by a three part test: "[1] [the injury] must be substantial; [2] it must not be outweighed by any countervailing benefits to consumers or competition that the practice produces; and [3] it must be an injury that consumers themselves could not reasonably have avoided." (Internal quotation marks omitted.) Hartford Electric Supply Co. v. Allen-Bradley Co., 250 Conn. 334,368, 736 A.2d 824 (1999). The plaintiffs allege that they suffered monetary loss in excess of $50,000, various inconveniences, and other related emotional and financial hardships. The injury the plaintiffs allege is substantial; Arrow's alleged practice does not produce countervailing benefits to consumers or competitors; and, the injuries to the plaintiffs are not ones that consumers could have reasonably avoided. It is well established that "CUTPA is remedial in character . . . and must be liberally construed in favor of those whom the legislature intended to benefit." (Internal quotation marks omitted.) Service RoadCorp. v. Quinn, 241 Conn. 630, 637, 698 A.2d 258 (1997). Moreover, according to the federal trade commission, "[u]njustified consumer injury is the primary focus of the FTC Act, and the most important of the three . . . criteria." (Internal quotation marks omitted.) Williams Ford, Inc.v. Hartford Courant Co., 232 Conn. 559, 592, 657 A.2d 212 (1995). The plaintiffs sufficiently allege that Arrow engaged in unfair or deceptive trade practices and that, they sustained substantial damages therefrom; accordingly, the plaintiffs have met the third part of the cigarette rule. The plaintiffs allege facts sufficient to meet each part of the cigarette rule. Thus, the plaintiffs allege sufficient facts to support their CUTPA claim.
 CONCLUSION
Accordingly, Arrow's motion to strike count two of the plaintiffs' complaint is hereby denied.
____________ White, J. CT Page 14728